IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | |
| v. | : | Criminal NO. 13-331 |
| | : | |
| JEFFREY WALKER | : | |

## DEFENDANT JEFFREY WALKER'S SENTENCING MEMORANDUM

JEFFREY WALKER, by and through his counsel, THOMAS O. FITZPATRICK, Esq., respectfully submits the following Sentencing Memorandum in anticipation of his sentencing hearing on July 29, 2015.

I. PRELIMINARY STATEMENT

The Defendant does not dispute the factual averments of the pre-sentence report. The Defendant does, however, dispute the pre-sentence report's overall offense level. Insofar as the guidelines are advisory, variance resulting in a sentence below the applicable guideline level is sought herein.

II. BACKGROUND

The Defendant does not dispute the factual averments of the pre-sentence report; however the Defendant does call the Court's attention to his early acceptance of responsibility as well as other circumstances that will be presented at the time of sentencing.

III. ANALYSIS OF SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

The Defendant requests a sentence at the low-end of the sentencing range recommended by the guidelines. After considering all of the sentencing factors set forth in 18 U.S.C. §

3553(a), the sentence reduction is appropriate for Defendant. Those factors include: (1) the nature and the circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (5) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.   18 U.S.C. § 3553(a).

1. The nature and circumstances of the offense and the history and characteristics of the defendant:

   a. The nature and circumstances of the offense

The defense does not dispute the representations and averments about the nature and circumstances of the offense that is contained in the Pre-Sentence Report. Defendant asserts and acknowledges his personal culpability regarding his role in the robbery scheme. Defendant did not threaten or commit physical harm to anyone in the course of the commission of the crime.

   b. The history and characteristics of the defendant

Mr. Walker is a Philadelphia native who attended Overbrook High School. Mr. Walker has devoted his entire professional career to law enforcement and received commendations on several occasions throughout the course of his career. His familial background accurately outlined in the presentence investigation, reflects that he has been a devoted son and father.

2

Despite having been twice married and divorced, Mr. Walker has maintained a close, loving relationship with his only child, a pre-teen daughter. Mr. Walker's mother maintains weekly visits with his daughter. Mr. Walker's mother resides in his home and needs his continued assistance in maintaining the home and visitation with his daughter. Mr. Walker has been a homeowner and supporter of the neighborhood homeowners association and has helped to maintain a safe community.

In the instant matter, the Defendant played planned a routine traffic stop which allowed him access to the house keys of the driver. At no time did Mr. Walker threaten the victim with physical harm. Mr. Walker had received information that the victim was a drug dealer and would otherwise be in possession of large amounts of drugs and money within the victims residence. Walker's scheme did not require restraint or detaining of the victim, the robbery scheme was carried out without confrontation. Walker's offense has been widely publicized and has caused great embarrassment to his family (a family of law enforcement officers) and personal disgrace to himself.

The Defendant's remorse is profound and sincere. He understands that he made terrible choices, which have led him to this position. At the sentencing hearing, the candor and depth of his remorse will be evident in his statement to the Court.

Mr. Walker's remorse and evidence of his intention to be a responsible individual are evident in his willingness to plead guilty. At every phase of the proceedings the defendant has cooperated with law enforcement without reservation. This cooperation came very early and began at the time of his arrest. The defendant has cooperated with law enforcement, fully and completely divulged all information on his crimes, and waived multiple rights and procedures to aid law enforcement in developing information against him.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

The defense does not dispute that the incident for which the Defendant is being sentenced is serious and that any sentence imposed in this matter will reflect that point. It is certain that Mr. Walker will receive a sentence that addresses all of the above concerns. Mr. Walker's sentencing guideline calculation includes a two-level enhancement for the abuse of the public trust in his position as a police officer. The Defense would ask that the court not go beyond the impact of this two-level enhancement while fashioning its sentence. Mr Walker's pre-sentence incarceration has been in excess of two-years and has been exclusively in special confinement preventing even the limited liberties of imprisonment.

3. <u>The need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.</u>

Again, the defense does not dispute that the incident for which the defendant is being sentenced is serious and that the sentence imposed in this matter will reflect that point. It is of note that no one was physically harmed during the course of his conduct. Additionally, the crimes committed by the defendant were crimes of opportunity and abuse of his power as a police officer. Clearly, Mr. Walker will never work in law enforcement again. Therefore, the public is safe from any future abuse of official authority that could possibly be contemplated in a sentence.

4. <u>The need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

Mr. Walker has a high school diploma and has experience in local real estate investment and will be able to sustain himself in the private sector through work with his real estate interest.

Prior to incarceration, Mr. Walker exhibited some signs of alcohol dependency. Since

his arrest, Mr. Walker has been alcohol free. Mr. Walker is committed to remaining sober.

5. <u>The guidelines and policy statements issued by the Sentencing Commission and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.</u>

As will be established at the sentencing hearing, other individuals who have been involved in similar conduct have avoided responsibility. Whereas, Mr. Walker has accepted responsibility for his actions, the defense would ask the court to view his acceptance of responsibility with an appropriate level of leniency.

6. <u>The need to provide restitution to any victims of the offense.</u>

Restitution is inapplicable to this matter.

## IV. <u>Pre-Sentence Report's Sentencing Calculation</u>

In conclusion, the Probation Office's initial draft calculation of Defendant's total offense level of 21 is correct. The Government's objection and subsequent request for an "arguable" two-level enhancement because of the restraint of the victim is excessive and redundant, as the abuse of the Defendant's official authority to make pedestrian stops has already been accounted for in the guideline calculation's two-level enhancement. Even under an erroneous offense level calculation of 23, Defendant's recommended guideline range is 46-57 months plus a mandatory 60 months, making his total imprisonment range 106-117 months.

## V. <u>CONCLUSION</u>

Defendant has been incarcerated since 2013. Defense counsel requests that Defendant be sentenced to a guideline sentence of 37 months, followed by a period of 2 years supervised release.

Respectfully submitted,

Thomas O. Fitzpatrick, Esq.
Counsel for Jeffrey Walker

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the Defendant's Sentencing Memorandum has been served upon the following:

        Anthony Wzorek, Esquire
        U.S. Department of Justice
        615 Chestnut Street, Suite 1250
        Philadelphia, PA 19106-4476

By: _____
Thomas O. Fitzpatrick, Esquire
Attorney for Jeffrey Walker

Dated: July 24, 2015